Plaintiff, William G. Moran, brought this suit against his former tenant, E.J. Coney, to recover the sum of $18, representing rent due by defendant for the month of July 1943, and also for the return of a french armoire and a book case containing books which he claims defendant carried away at the time the premises were vacated.
Defendant denied, in his answer, that he owed rent for the month of July 1943. He admitted, however, that, at the time he vacated the premises (July 27, 1943), he moved the armoire, books and book case but asserted that plaintiff is without claim thereto for the reason that the latter had donated these articles to him on September 2, 1934, at the time he went into possession of the premises.
After a trial in the lower court on these issues, there was judgment in favor of plaintiff for the sum of $9 representing rent due by defendant for 15 days occupancy. Plaintiff's claim for the return of the armoire, books and book case was denied and he has appealed from the adverse decision.
Plaintiff concedes, in this court, that the judgment for rent in the sum of $9 is correct but he contends that the trial judge erred in refusing to compel the defendant to return the armoire, books and book case to him.
The question as to whether plaintiff is the owner of the articles claimed by him is purely one of fact and, since defendant admits that they were formerly the property of plaintiff but contends that they were donated to him, the burden was upon him to establish the gift by a fair preponderance of evidence. See Maitre v. Maestri, 14 Orleans App. 107.
The facts of the case reveal that plaintiff has been the owner of the premises No. 2810 Canal street in the city of New Orleans for many years. He resided in this property with a housekeeper, named Mrs. Campbell, until September 2, 1934, at which time he rented it to the defendant and moved to the Monteleone Hotel. Plaintiff testifies that, at the time defendant took possession, he gave his household furniture and other effects to his housekeeper, Mrs. Campbell, with the exception of the armoire, the books and book case and a few pictures which he left in the custody of the defendant. These articles have remained in defendant's possession since that time or for a period of nine years during which defendant occupied the premises.
Sometime in April or May of 1943, the United States Government leased the premises from the plaintiff for reconversion into an apartment dwelling and defendant was notified to vacate. Defendant complied with the notice and, about 10 days after he moved, plaintiff made demand upon him for the return of the armoire, books and book case. Defendant, in resisting the demand, testifies that, at the time he rented the premises from plaintiff, the latter gave him the armoire, books and book case; that he had no desire for them but that he, nevertheless, accepted them and kept them in his possession throughout the past 9 years. Mrs. Coney, defendant's wife, corroborates his statement in every respect.
On the other hand, plaintiff testifies that he merely deposited the articles with the defendant because he did not have any place to keep them at the time he broke up housekeeping and that he never had any intention of parting with ownership as he has a sentimental attachment for them.
The simple question, therefore, is whether the defendant has established a manual gift of the articles in question by a fair preponderance of evidence. The trial judge, who saw and heard the witnesses, was of the opinion that defendant's evidence should prevail and we are unable to detect manifest error in his conclusion on this question of fact. The claim seems to us to be a belated one as plaintiff not only permitted defendant to retain the articles for many years without asserting his ownership thereto but he did not challenge defendant's title at the time the premises were vacated.
Defendant's counsel, in oral argument and in brief, has asked us to amend the judgment of the court below by reducing the amount of costs which were awarded to plaintiff. Inasmuch as defendant has failed to answer the appeal, this question is not properly before us and cannot be entertained.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 339